UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHIVA STEIN, | : |
| Plaintiff, | : CIVIL ACTION NO. _____ |
| - against - | : |
| HERMAN MILLER, INC., | : |
| Defendant. | : |

# COMPLAINT

Plaintiff, Shiva Stein, alleges, upon information and belief based upon, *inter alia*, the investigation made by and through her attorneys, except as to those allegations that pertain to the plaintiff herself, which are alleged upon knowledge, as follows:

## NATURE OF THE ACTION

1. This is a stockholder's direct action under Section 14(a) of the Securities Exchange Act of 1934, as amended (the Exchange Act), 15 U.S.C. § 78n(a), and the rules and regulations of the United States Securities and Exchange Commission (the SEC).

2. Plaintiff, a shareholder in Defendant Herman Miller, Inc. ("Herman Miller" or the "Company"), seeks an injunction to prevent a vote by its shareholders on Management Proposal 3 in the 2017 Proxy Statement for the annual meeting of Herman Miller shareholders scheduled for October 9, 2017. The grounds for this injunction are Defendant's failures to comply with the SEC's disclosure requirements for proxy statements.

3. Management Proposal 3 requests that the shareholders amend and restate the Fourth Amendment to the Herman Miller, Inc. 2011 Long-Term Incentive Plan ("2011 Plan Amendment"), which proposes to allow Herman Miller to award 2,810,657 shares to participants

in the plan. Plaintiff seeks this injunction because it is unclear how many participants are in the plan and why they are receiving these awards. SEC Rule 14a-3(a), 17 C.F.R. § 240.14a-3, requires that public companies may not solicit shareholder votes without furnishing a proxy statement "containing the information specified in Schedule 14A," 17 C.F.R. § 240.14a-101. Item 10(a)(1) of Schedule 14A specifically requires that "[i]f action is to be taken with respect to any plan pursuant to which cash or noncash compensation may be paid or distributed," the proxy statement soliciting this vote must "[d]escribe briefly the material features of the plan being acted upon, identify each class of persons who will be eligible to participate therein, indicate the approximate number of persons in each such class, and state the basis of such participation."

4. Proposal 3 of the 2017 Proxy Statement fails to properly disclose the classes of eligible participants, their approximate number, and the basis of their participation in the 2011 Plan Amendment. Thus, the 2017 Proxy Statement does not comply with the SEC rules and regulations, and the Court should enjoin that vote unless and until Defendant furnishes its shareholders with a supplemental proxy statement with those specific disclosures.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the subject matter of this action pursuant to Section 27(a) of the Exchange Act, 15 U.S.C. § 78aa(a).

6. In connection with the acts, omissions, conduct and wrongs alleged herein, Defendant used the mails and the means or instrumentalities of interstate commerce.

7. Venue is proper in this district because, as allowed under Section 27(a) of the Exchange Act, this district is where the violation at issue in this case occurred because the Plaintiff is a resident of this district.

## PARTIES

8. Plaintiff is, and has been continuously since June 2014, a holder of Herman Miller common stock.

9. Herman Miller is a corporation organized under the laws of the State of Michigan. The Company's last fiscal year ended June 3, 2017. As of August 11, 2017, it had 59,802,577 shares of common stock outstanding. Herman Miller's stock is traded on the Nasdaq under the symbol MLHR. Herman Miller researches, designs, manufactures, and distributes interior furnishings for use in various environments including office, healthcare, educational, and residential settings.

## WRONGFUL ACTS AND OMISSIONS

10. Herman Miller has scheduled the annual shareholders' meeting for October 9, 2017. On August 29, 2017, it furnished its shareholders with the 2017 Proxy Statement to solicit their proxies for five management proposals and to transact other business that may properly come before the annual meeting.

11. Management Proposal 3 requests that the shareholders approve the 2011 Plan Amendment, including 2,000,000 newly authorized shares, which Herman Miller will be able to grant to participants in the plan immediately after the stockholder vote. But this proposal fails to provide sufficient – and federally required – information for Herman Miller stockholders to understand how many participants there are in the plan or why they are eligible for such shares.

12. Because Management Proposal 3 concerns a stockholder vote on a compensation plan, the SEC's rules and regulations require the 2017 Proxy Statement to disclose certain

information concerning the 2011 Plan Amendment. Specifically, Item 10(a)(1) of Schedule 14A, 17 C.F.R. § 240.14a-101 states:

> Compensation Plans. If action is to be taken with respect to any plan pursuant to which cash or noncash compensation may be paid or distributed, furnish the following information:
>
> (a) Plans subject to security holder action.
>
> (1) Describe briefly the material features of the plan being acted upon, identify each class of persons who will be eligible to participate therein, indicate the approximate number of persons in each such class, and state the basis of such participation.

But the 2017 Proxy Statement omits these disclosures.

13. Instead of providing the "approximate number of persons in each such class, and … the basis of such participation," Management Proposal 3 only tells stockholders the following about who will receive these awards:

> **Eligible Participants**
>
> The Plan authorizes awards to consultants, directors and employees of the Company or its subsidiaries. As of August 11, 2017, consultants, 11 non-employee directors, and all employees were eligible to participate in the Plan.

14. This awkward description appears to mistakenly omit the number of consultants and eligible employees "[a]s of August 11, 2017" perhaps entirely by mistake. Given the odd repetitiveness and construction of these two sentences, it appears this may have been a simple mistake in drafting.

15. In any event, nowhere in the 2017 Proxy Statement does Herman Miller disclose the number of (1) eligible consultants, (2) eligible consultants of subsidiaries, (3) eligible directors of subsidiaries, or (4) eligible employees of subsidiaries. Indeed, according to the 2011 Plan Amendment art. 2.34, which is annexed to the 2017 Proxy Statement, the definition of

4

"subsidiary" is very broad and it is unclear how many subsidiaries, as defined under the plan, the Company may have:

> "Subsidiary" shall mean any corporation in which the Company owns directly, or indirectly through subsidiaries, at least fifty percent (50%) of the total combined voting power of all classes of stock, or any other entity (including, but not limited to, partnerships and joint ventures) in which the Company owns at least fifty percent (50%) of the combined equity thereof.

16. According to the Company's most recent Form 10-K, Herman Miller has 33 subsidiaries, though it is unclear how many of these subsidiaries fall within this definition.

17. What is more, the definition of "Eligible Participants" in Management Proposal 3 is contradicted by the language of plan regarding "Eligibility." Article 5 of the plan states:

### ELIGIBILITY

> The persons who shall be eligible to receive Awards under the Plan shall be such key employees of the Company or a Subsidiary as the Committee shall select from time to time. In making such selections, the Committee shall consider the nature of the services rendered by such employees, their present and potential contribution to the Company's success and the success of the particular subsidiary or division of the Company by which they are employed, and such other factors as the Committee in its discretion shall deem relevant. Participants may hold more than one Award, but only on the terms and subject to the restrictions set forth in the Plan and their respective Award Agreements.

18. Thus, the plan's definition of "eligibility" does <u>not</u> include (1) consultants (either of the Company or a subsidiary) or (2) directors (either of the Company or a subsidiary). This definition of "eligibility" in the plan, which contradicts the proposal, appears to simply be wrong because elsewhere in the plan document, the plan does appear to allow for awards to directors and consultants. *See* art. 1.1; art. 3.2(a); art. 8.1.

19. Finally, while the proposal appears to allow for awards to "directors … of the Company <u>or its subsidiaries</u>," the plan document does not appear to allow the directors of subsidiaries to participate in the plan:

5

Art. 1.1   Establishment of the Plan. Herman Miller, Inc., a Michigan corporation (the "Company"), hereby establishes an incentive compensation plan known as the "2011 Herman Miller, Inc. Long-Term Incentive Plan" (the "Plan"), as set forth in this document. The Plan permits the granting of stock-based awards to key employees of the Company and its subsidiaries as well as Consultants and Directors. The Plan was approved by the Company's shareholders on October 10, 2011 (the "Effective Date").

Art. 2.12 "Director" means a member of the Board of Directors.

Art. 2.4 "Board" shall mean the Board of Directors of the Company.

20. Thus, by its terms, the proposal *includes* directors from Herman Miller's subsidiaries, but the plan itself *excludes* directors from Herman Miller's subsidiaries. As a result, (1) the proposal conflicts with the plan, (2) if the proposal is correct, the plan must be amended to state that the directors of subsidiaries are eligible, but (3) if the plan is correct, the proposal must be fixed to clarify that directors of subsidiaries are not plan participants.

21. As a result of the above, it is entirely unclear from the 2017 Proxy Statement how many participants will be awarded the 2,000,000 newly authorized shares that stockholders are being asked to approve or the basis of their receipt of such awards.

22. This contravention of the SEC rules renders the 2017 Proxy Statement unlawful under § 14(a) of the Exchange Act.

23. As stated above, the 2011 Plan Amendment will allow for 2,000,000 newly authorized shares of common stock to be awarded immediately after the stockholder vote. This will increase the number of shares available for awards at Herman Miller to approximately 2,810,657. According to the 2017 Proxy Statement, only 810,657 now remain for awards so this proposal will more than triple the number of shares available for grants. According to the 2015 Proxy Statement, as of August 14, 2015, there were 4,615,833 shares of common stock available

for grant. As such, the Company has awarded almost 4 million shares in the last two years. It is reasonable to anticipate the remaining 2,810,657 shares will be distributed just as quickly.

24. As a result of these actions, plaintiff will be injured, and she has no adequate remedy at law. She will suffer irreparable harm on Management Proposal 3 if no action is taken to ameliorate this harm because, in addition to being forced to vote without this information, the 2011 Plan Amendment allows for over 2 million new shares to be granted to an unknown number of employees, directors, and consultants of Herman Miller and its subsidiaries very quickly. Moreover, the "eligibility" section of the plan confusingly excludes any consultants and directors from participation in the plan and it conflicts with other sections of the plan and the proposal. Finally, it is not clear whether the directors of Herman Miller's subsidiaries are, in fact, eligible for awards under the plan because the language in the plan contradicts the statements in the proposal.

25. Unwinding these awards will be impossible once they are granted following the October 9, 2017 vote. As such, it is necessary for the Court to take action to enjoin the vote beforehand to prevent shares from being distributed to participants based on an uninformed vote that lacks proper shareholder approval.

26. To ameliorate the injury, injunctive relief is required in the form of an amended proxy statement that provides the information required by Item 10(a)(1) of Schedule 14A with regard to Proposal 3.

27. The preceding paragraphs state a direct claim for relief against Herman Miller under § 14(a) of the Exchange Act for acting in contravention of the rules and regulations prescribed by the SEC. Consequently, Herman Miller should be enjoined from presenting Proposal 3 for a stockholder vote at the October 9, 2017 annual meeting or certifying or

7

otherwise accepting any vote cast, by proxy or in person, by or on behalf of any Herman Miller shareholder in connection with Proposal 3 in the 2017 Proxy Statement.

### RELIEF REQUESTED

**WHEREFORE,** Plaintiff requests the following relief:

    A.    A preliminary and permanent injunction, enjoining Herman Miller from

        (i)    certifying or otherwise accepting any vote cast, by proxy or in person, by or on behalf of any Herman Miller shareholder in connection with Proposal 3 in the 2017 Proxy Statement;

        (ii)    presenting Proposal 3 for a shareholder vote at the October 9, 2017 annual meeting;

    B.    A preliminary and permanent injunction requiring Herman Miller to furnish a supplemental proxy statement with the information required by 17 C.F.R. §240.14a-101, Item 10(a)(1).

    C.    A preliminary and permanent injunction preventing Herman Miller from otherwise proceeding at its October 9, 2017 annual shareholders meeting or at any other time in a manner inconsistent with Item 10(a)(1).

    D.    Awarding such other and further relief, whether similar or different, as this Court deems just and proper.

Dated: New York, New York
       September 15, 2017

                              **BARRACK, RODOS & BACINE**

                              By: /s/ A. Arnold Gershon
                                  A. Arnold Gershon
                                  Michael A. Toomey

Eleven Times Square
640 8th Ave., 10th Floor 10036
New York, NY 10022
Telephone: (212) 688-0782
Facsimile: (212) 688-0783

*Attorneys for Plaintiff*